IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

SUSAN M. HILINSKI                                                      PLAINTIFF

vs.                                      Civil No. 3:13-cv-03006

CAROLYN W. COLVIN                                                      DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Susan M. Hilinski ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying her application for a

period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act.  The Parties

have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this

case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-

judgment proceedings.  ECF No. 8.[1]  Pursuant to this authority, the Court issues this memorandum

opinion and orders the entry of a final judgment in this matter.

1.      **Background:**

Plaintiff protectively filed her disability application on September 7, 2010.  (Tr. 12, 123).

Plaintiff alleges being disabled due to spinal stenosis, fibromyalgia, knee problems in both knees,

and back pain.  (Tr. 165).  Plaintiff alleges an onset date of September 6, 2010.  (Tr. 12, 123).  This

application was denied initially and again upon reconsideration.  (Tr. 73-74).  Thereafter, Plaintiff

requested an administrative hearing on her application, and this hearing request was granted.  (Tr.

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages
for this case are referenced by the designation "Tr."

1

84-98).

On June 23, 2011, this administrative hearing was held in Harrison, Arkansas.  (Tr. 30-72).  Plaintiff was present at this hearing and was represented by Frederick Spencer.  *Id.*  Plaintiff, Plaintiff's husband, and Vocational Expert ("VE") John Massey testified at this hearing.  *Id.*  During this administrative hearing, Plaintiff testified she was forty-eight (48) years old.  (Tr. 33-34).  Such an individual is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008).  As for her level of education, Plaintiff testified she had obtained her GED.  (Tr. 34).

On July 25, 2011, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB.  (Tr. 9-25).  In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2014.  (Tr. 14, Finding 1).  The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since September 6, 2010, her alleged onset date.  (Tr. 14, Finding 2).  The ALJ determined Plaintiff had the following severe impairments: disorder of her lumbar spine, disorder of her right knee, disorder of her cervical spine, obesity, hypertension, and generalized anxiety disorder.  (Tr. 14, Finding 3).  The ALJ also determined, however, that Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 14-18, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC.  (Tr. 19-23, Finding 5).  First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except she can only occasionally climb ramps, stairs, ladders,

2

ropes and scaffolds and balance, stoop, kneel, crouch and crawl, and she can no more than occasionally operate foot controls with her right lower extremity.  She is limited to work that involves simple, routine and repetitive tasks involving only simple, work-related decisions with few, if any, workplace changes, and no more than occasional interaction with coworkers, supervisors and the general public.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined Plaintiff was unable to perform any of her PRW.  (Tr. 23, Finding 6).  The ALJ then considered whether Plaintiff would be able to perform other work existing in significant numbers in the national economy.  (Tr.24-25, Finding 10).  The VE testified at the administrative hearing regarding this issue.  *Id.*

Considering a hypothetical individual with Plaintiff's RFC, age, work experience, and other limitations, the VE testified that person could perform the requirements of representative occupations such as lens inserter (optical) (sedentary, unskilled) with 350 such jobs in Arkansas and 49,000 such jobs in the nation; convex grinder operator (sedentary, unskilled) with 250 such jobs in Arkansas and 19,000 such jobs in the nation; and document preparer (sedentary, unskilled) with 100 such jobs in Arkansas and 18,000 such jobs in the nation.  (Tr. 24).  Based upon this testimony, the ALJ determined Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy, and Plaintiff had not been under a disability as defined in the Act from September 6, 2010 through the date of his decision or through July 25, 2011.  (Tr. 25, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision.  (Tr. 1-3).  The Appeals Council denied this request for review on November 26, 2012.  *Id.*  On January 9, 2013, Plaintiff filed the present appeal.  ECF No. 1.  The Parties consented to the jurisdiction of this Court on February 8, 2013.  ECF No. 8.  Both Parties have filed appeal briefs.  ECF Nos. 11-12.  This case is now ready for decision.

2.   **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2010);  *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

4

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.**   **Discussion:**

In her appeal brief, Plaintiff claims the ALJ's RFC determination is not supported by substantial evidence in the record.  ECF No. 11 at 13-17.  Specifically, with regard to the ALJ's RFC determination, Plaintiff claims the following: (1) the ALJ did not make any "true evaluation of the vocational impact" of her chronic pain; (2) the ALJ did not fully and fairly develop the record in assessing her RFC; (3) the ALJ erred in not relying on the opinions of its own examiner, Dr. Nancy Bunting, Ph.D.; and (4) the ALJ "overlooked and failed to consider" a "volume of evidence" in her favor.  *Id.*   The Court will address each of the arguments Plaintiff has raised in this RFC consideration.

First, Plaintiff claims the ALJ did not properly consider her chronic knee and back pain, and

the ALJ arrived "at his own conclusion on this matter without the input of any treating or examining physician." ECF No. 11 at 14-15. Plaintiff claims she has "considerable pain" resulting from her back and knee pain, and the ALJ "simply arrives at his own conclusion on this matter without the input of any treating or examining physician." *Id.* Plaintiff cites no specific medical records in support of her claim. *Id.*

Upon review, the Court finds no merit to Plaintiff's claim on this issue. Significantly, the ALJ did discuss medical records from Plaintiff's treating physician that support his RFC determination. (Tr. 19-23). For instance, the ALJ noted that after her knee surgery in 2008, her physician found she had a "full range of motion," and she was released to return to work, regular duty. (Tr. 266). Further, the ALJ noted that although Plaintiff had received treatment on December 8, 2010 for back pain, Plaintiff did seek follow-up treatment as prescribed and did not obtain a repeat MRI as was recommended by her treating physician. (Tr. 388-389). Thus, the Court cannot find the ALJ arrived "at his own conclusions" as to Plaintiff's RFC "without the input of any treating or examining physician" as Plaintiff alleges.

Second, Plaintiff claims the ALJ did not fully develop the record in assessing her RFC. ECF No. 11 at 15. Again, Plaintiff does not provide detailed argument on this issue. *Id.* Instead, the ALJ makes broad allegations regarding the ALJ's duty to develop the record and how the ALJ failed in fulfilling that duty. *Id.*

Upon review of Plaintiff's claim, the Court finds no basis for reversal on this issue. Plaintiff is correct that the ALJ has the duty "to develop the record fairly and fully." *See Snead v. Barnhart,* 360 F.3d 834, 838 (8th Cir. 2004). That duty is not without limitation. The ALJ must only have a "sufficient basis" for his or her decision. *See Naber v. Shalala,* 22 F.3d 186, 189 (8th Cir. 1994). In the present action, there are well over three hundred pages of medical records. (Tr. 253-616).

6

These records include Plaintiff's medical records from her treating physicians and a mental consultative examination. *Id.* Considering these records, there appears to be a "sufficient basis" for the ALJ's decision. Further, Plaintiff has not demonstrated that any further development of the record would have been beneficial to the ALJ or resulted in a different outcome. Accordingly, no remand is required. *See Onstad v. Shalala,* 999 F.2d 1232, 1234 (8th Cir. 1993) (holding "absent unfairness or prejudice, we will not remand" for further record development).

Third, Plaintiff claims the ALJ did not properly consider the findings of Dr. Bunting who completed a consulting examination to assess her mental limitations. (Tr. 358-363). In her report, Dr. Bunting found Plaintiff had several mental limitations and was "limited [in her] ability to cope with the typical mental/cognitive demands of basic work-like tasks if she made her best effort." (Tr. 362). However, Dr. Bunting also reported Plaintiff "appeared to be guarded," gave "inconsistencies" in her report, gave "superficial" cooperation, and expended "limited" effort. (Tr. 362-363). The ALJ outlined Dr. Bunting's findings in his opinion but gave them little weight because of Plaintiff's lack of effort during this examination. (Tr. 23). Based upon this information, the Court cannot find the ALJ erred in his evaluation of Dr. Bunting's findings.

Fourth, Plaintiff claims the ALJ failed "to consider a volume of evidence" which supports her claim to disability. ECF No. 11 at 16-17. Plaintiff, however, does not reference which specific evidence demonstrates she is unable to perform sedentary work. (Tr. 19). Accordingly, the Court will not address this issue further. *See Vandenboom v. Barnhart,* 421 F.3d 745, 750 (8th Cir. 2005) (holding "[w]e reject out of hand Vandenboom's conclusory assertion that the ALJ failed to consider whether he met listings 12.02 or 12.05C because Vandenboom provides no analysis of the relevant law or facts regarding these listings").

4.      **<u>Conclusion:</u>**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 15th day of January 2014.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE